IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01353-BNB

GREGORY C. REED,

    Applicant,

v.

ANGEL MEDINA, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Gregory C. Reed, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Reed has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Reed alleges that he is challenging the validity of two convictions in the Jefferson County District Court that were used to enhance the sentence he is serving in connection with a Denver District Court case. The relevant Jefferson County District Court case numbers are 80CR122 and 82CR498. The relevant Denver District Court case number is 88CR1874. Mr. Reed specifically alleges that the prior convictions in 80CR122 and 82CR498 are invalid because his guilty pleas in those cases were not voluntary, knowing, and intelligent. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

    Mr. Reed previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 in three cases that are relevant both to the claims he is asserting in this

action and to his convictions in 80CR122, 82CR498, and 88CR1874.  In 2002, Mr. Reed filed an application for a writ of habeas corpus challenging his conviction in 88CR1874. *See Reed v. Atherton*, No. 02-cv-01664-RPM (D. Colo. Dec. 31, 2002), *certificate of appealability denied*, No. 03-1013 (10th Cir. July 16, 2003).  Case number 02-cv-01664-RPM was dismissed because some of Mr. Reed's claims were procedurally defaulted and the claims that were not lacked merit.

Mr. Reed filed a second application for a writ of habeas corpus in 2006.  *See Reed v. Brodus*, No. 06-cv-01750-ZLW (D. Colo. Dec. 18, 2006).  In 06-cv-01750-ZLW, Mr. Reed sought to challenge the validity of his prior convictions in 80CR122 and 82CR498 that were used to enhance his sentence in 88CR1874.  Mr. Reed's habeas corpus application in 06-cv-01750-ZLW was transferred to the United States Court of Appeals for the Tenth Circuit as an unauthorized second or successive application.  The Tenth Circuit subsequently entered an order denying Mr. Reed leave to file a second or successive application because his claim that his prior convictions in 80CR122 and 82CR498 were based on invalid guilty pleas did not meet the requirements for a second or successive application under 28 U.S.C. § 2244(b)(2).  *See Reed v. Brodus*, No. 07-1008 (10th Cir. Mar. 15, 2007).

Mr. Reed filed a third habeas corpus application in 2007 in which he again challenged his conviction in 88CR1874.  *See Reed v. Broaddus*, No. 07-cv-00770-REB-MJW (D. Colo. Aug. 2, 2007).  Case number 07-cv-00770-REB-MJW also was transferred to the Tenth Circuit as an unauthorized second or successive application.

As noted above, Mr. Reed is challenging the validity of his prior convictions in 80CR122 and 82CR498 that were used to enhance his sentence in 88CR1874.

However, because Mr. Reed alleges that he has completed the sentences imposed in 80CR122 and 82CR498, (*see* ECF No. 1 at 8), he no longer is in custody with respect to those convictions and may not challenge them directly. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction. We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401-02 (2001). Therefore, the Court construes the instant application as challenging the validity of the enhanced sentence Mr. Reed is serving in 88CR1874, for which he is in custody.

Although a habeas applicant "generally may not challenge [an] enhanced sentence through a petition under § 2254 on the ground that [a] prior conviction was unconstitutionally obtained," *Lackawanna*, 532 U.S. at 404, the Court cannot consider whether this general rule applies in the instant action if the Court lacks jurisdiction to consider the merits of the claims asserted. As discussed above, Mr. Reed previously has challenged the validity of his conviction and sentence in 88CR1874. Therefore, the instant action is a second or successive application.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Reed must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive §

2254 application. *See id.* at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B).

Mr. Reed does not allege that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. When the claims being raised in the second or successive application clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

In the instant action, Mr. Reed claims that his prior convictions in 80CR122 and 82CR498 are invalid because his guilty pleas in those cases were not voluntary, knowing, and intelligent. This claim is not based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Reed's claim would be time-barred if filed anew in the proper forum, it appears that the instant action would have been time-barred even if Mr. Reed had sought proper authorization prior to filing in this Court. There also is no indication that Mr. Reed seeks to pursue any claims that likely have merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Reed's claim because his two prior habeas corpus actions in this Court were found to be unauthorized second or successive applications. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 15th day of June, 2012.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court